Johnson, C. J., delivered the opinion of the court. The only question presented for the consideration and adjudication of this court is, whether the circuit court erred in overruling the plaintiff’s demurrer to the defendant’s plea? It has been ruled that an indictment ought to be certain to every intent, and without any intendment to the contrary; and 'that it ought to have the same certainty as a declaration; for that all the rules that apply to civil pleadings are applicable to criminal accusations. Cro. Eliz., 490. Cro. Jac. 20, Comb. 460. 2, Str. 904. The name of the defendant committing the offence should be repeated to every dis.-tinct allegation, but it will suffice to mention it once, as the nominative case, in one continuing sentence. The plaintiff in error insists that -if the defendant’s full name had -appeared in the first part of the indictment, it would have been sufficient throughout the residue to have referred to it by the Christian name alone.. Whether this position be correct or not, we are not now called upon to decide. Whether the converse of the proposition is true or not, is the question raised by 4'he record, The word “said” was .obviously designed to refer to the last antecedent. Hawkins is the name previously given to the defendant, and that, -consequently, is the last antecedent. If all that portion of the indictment, which precedes the full name, can'be expunged and yet leave sufficient to constitute a good and valid -indictment against the defendant, then it is tha-t it ought to have been rejected as surplusage, and the demurrer sustained. The reference could neither add to nor diminish from the name referred to. It is a general rule that repugnancy in a material matter is fatal -to the indictment. But though the indictment must in all respects be certain, y.et the introduction of averments altogether superfluous and immaterial will seldom prejudice : For, if the indictment can be supported without the words •which are bad, they may, on arrest of judgment, be rejected as surplusage. There is a manifest and palpable repugnancy in the indictment in this -case, -and that too in a material and essential part. It stands precisely in the same attitude as if any other person, by another and different name, had been presented, and that afterwards the name of the present defendant had been inserted, with a reference to that name. In that case, -it certainly would not be contended that by connecting the two names together, by the word “said” or “aforesaid” they w-ould thereby become one and •the same. If the grand jury have presented any one by this indictment, it is Hawkins, and not Hawkins Hand. This being our view of the case, we are of opinion that the defendant’s plea is substantially good in point of law, and that therefore the court below did -fiot err in overruling the demurrer. Judgment affirmed.